*Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—adoption.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ In the Matter of ROBIN L., an Infant. (Appeal No. 4.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—custody.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ In the Matter of NICOLE L., an Infant. (Appeal No. 5.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—custody.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFFAELA FORTE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of criminal sale and criminal possession of a controlled substance based upon a sale of cocaine to an undercover police officer. On appeal, defendant contends that the evidence was legally insufficient to convict him. He claims that the evidence establishes merely that he was present when the accomplice made the sale to the officer and that there is no evidence to corroborate the accomplice's testimony that the defendant supplied the cocaine for the sale or that he received any money therefrom.

The corroboration required by CPL 60.22 (1) must consist of " 'evidence from an independent source of some material fact tending to show that defendant was implicated in the crime' " *(People v Moses,* 63 NY2d 299, 306, quoting *People v Kress,* 284 NY 452, 460). The independent corroborative evidence need only connect defendant to the commission of the crime; it need not prove that defendant committed it *(see, People v Hudson,* 51 NY2d 233, 238) and need not independently establish each element of the crime *(see, People v Cunningham,* 48 NY2d 938, 940; *People v Edge,* 127 AD2d 889, 890, *lv denied* 70 NY2d 711).

From our review of the record, we conclude that the evidence was legally sufficient. The proof at trial established that the undercover officer went to the home of the accomplice to purchase cocaine; that he had to wait there for the accomplice's "source of supply" to arrive in order to consummate